UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:19-cr-00088-JAM |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR A BILL OF PARTICULARS** |
| SCOTT NORRIS JOHNSON, | |
| Defendant. | |

The matter before the Court is Defendant Scott Norris Johnson's ("Defendant") Motion for a Bill of Particulars.  Mot., ECF No. 17.  The Government filed an opposition, ECF No. 21, to which Defendant replied, ECF No. 22.  After consideration of the parties' briefing on the motion and relevant legal authority, the Court DENIES Defendant's Motion for a Bill of Particulars.[1]

///

///

_____

[1] The Court determined this motion was suitable for a decision without an evidentiary hearing.  <u>See</u> E.D. Cal. L.R. 430.1(h). The hearing previously scheduled for April 7, 2020 was therefore vacated.

1                           I.   BACKGROUND

2          Defendant, a quadriplegic and an attorney, has litigated

3     thousands of civil lawsuits against businesses not in compliance

4     with state and federal disability access laws.  Mot. at 4.

5     Disabled Access Prevents Injury, Inc. ("DAPI") provided legal

6     services in connection with these lawsuits.  Indictment, ECF No.

7     1, ¶ 6.  Defendant owned and operated DAPI and served as its sole

8     shareholder.  Id. at ¶ 5.  On May 23, 2019, Defendant was charged

9     with three counts of making and subscribing a false tax return in

10    violation of 26 U.S.C. § 7206(1).  See id.

11         During tax years 2012, 2013, and 2014, Defendant allegedly

12    "received taxable income from his lawsuits that exceeded the

13    combined amount that he reported on his Forms 1040 and DAPI's

14    Forms 1120 for each of those years."  Indictment at ¶ 14.

15    Specifically, on April 15, 2013, April 14, 2014, and September

16    15, 2015, Defendant is alleged to have made and subscribed false

17    United States Individual Income Tax Returns, Form 1040.  Id. at

18    Count One ¶ 15, Count Two ¶ 2, Count Three ¶ 2.  The Government

19    alleges that, as a result of understating his income on these tax

20    forms, Defendant paid little to no income tax in 2012, 2013, and

21    2014.  Id. at ¶ 15.

22         Defendant argues the Government's indictment is

23    insufficiently detailed such that he is "unable to determine how

24    to defend against the [G]overnment's charges."  Mot. at 8-9.

25    Defendant, thus, requests that the Court order the Government to

26    produce a Bill of Particulars.  Id. at 13.

27    ///

28    ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.   OPINION

A.   <u>Legal Standards</u>

    1.   <u>Indictment</u>

An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." <u>United States v. Awad</u>, 551 F.3d 930, 935 (9th Cir. 2009) (internal quotation marks and citation omitted). "The test for sufficiency of the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standard." <u>Id.</u> (internal quotation marks and citation omitted).

Although an indictment that tracks the language of the criminal statute is generally sufficient, "implied, necessary elements, not present in the statutory language, must be included in an indictment." <u>United States v. Jackson</u>, 72 F.3d 1370, 1380 (9th Cir. 1995). "An indictment's failure to recite an essential element of the charged offense is not a minor or technical flaw . . . but a fatal flaw requiring dismissal of the indictment." <u>United States v. Pernillo-Fuentes</u>, 252 F.3d 1030, 1032 (9th Cir. 2001) (internal quotation marks and citation omitted). However, the government need not specify the theories or evidence upon which it will rely to prove the elements of the charged crime. <u>United States v. Cochrane</u>, 985 F.2d 1027, 1031 (9th Cir. 1993).

///

1          2.   Bill of Particulars

2          Rule 7(f) of the Federal Rules of Criminal Procedure

3     provides that "[t]he court may direct the government to file a

4     bill of particulars."  A motion for a bill of particulars is

5     appropriate where a defendant requires clarification to prepare

6     a defense.  United States v. Long, 706 F.2d 1044, 1054 (9th Cir.

7     1983).  Such motions are "designed to apprise the defendant of

8     the specific charges being presented to minimize danger of

9     surprise at trial, to aid in preparation and to protect against

10    double jeopardy."  Id.  In deciding whether to order a bill of

11    particulars, "a court should consider whether the defendant has

12    been advised adequately of the charges through the indictment

13    and all other disclosures made by the government."  Id.

14    (emphasis added).

15         A bill of particulars is unnecessary where "the indictment

16    itself provides sufficient details of the charges and [] the

17    Government provides full discovery to the defense."  United

18    States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984).

19    Moreover, "[a] defendant is not entitled to know all the

20    [e]vidence the [G]overnment intends to produce . . . ."  United

21    States v. Giese, 597 F.2d 1170, 1181 (9th Cir. 1979) (internal

22    citations omitted).  In ruling upon requests for such bills, the

23    trial court is vested with "very broad discretion."  Will v.

24    United States, 389 U.S. 90,99 (1967).

25         B.   Analysis

26         Defendant requests a bill of particulars in order to obtain

27    the following specific information:

28         •    The amount of taxable income the Government will argue

                                    4

1   should have been included on Defendant's Forms 1040 and
2   DAPI's Forms 1120 for tax years 2012, 2013, and 2014;
3   • The date, amount, payor, and character of the components
4       of taxable income the Government will argue should have
5       been included on Defendant's Forms 1040 and DAPI's Forms
6       1120 for tax years 2012, 2013, and 2014;
7   • A statement as to whether the Government intends to use
8       the specific items method for reconstruction of income
9       and, if so, a statement setting forth the date, amount,
10      payor, and character of each item in the years 2012,
11      2013, and 2014 for both Defendant and DAPI; and
12  • A statement as to whether the Government intends to use
13      the bank deposits method for reconstruction of income or
14      to corroborate the omission of specific taxable items
15      and, if so, a statement setting forth a list of Defendant
16      and DAPI's bank deposits and withdrawals in 2012, 2013,
17      and 2014, including the amount, date, and source of the
18      deposit.
19  Mot. at 2-3.
20      As an initial matter, the Government set forth the methods
21  of proof it intends to use at trial in its opposition.  See
22  Opp'n at 16-17.  In volunteering this information, the
23  Government has rendered moot Defendant's request for a statement
24  as to whether the Government intends to use either the specific
25  items method or bank deposits method for reconstruction of
26  income.
27  ///
28  ///

5

1                    1.   The Indictment

2            Based on the Court's review of the indictment, a bill of

3    particulars is not warranted.  Paragraph 10 of the indictment's

4    general allegations explains that "payments related to lawsuit

5    settlements or awards were taxable unless they were paid on

6    account of personal physical injury or physical sickness."

7    Indictment at ¶ 10.  The indictment sets forth where on

8    Defendant's Forms 1040 he reported his income from these

9    lawsuits for tax years 2012, 2013, and 2014.  Id. at ¶ 11.  It

10   also sets forth the amount of income reported.  Id.  The

11   indictment then presents the gross receipts or sales Defendant

12   reported on DAPI's Forms 1120 for those same years.  Id. at

13   ¶ 13.  It also includes allegations which explain that, during

14   those tax years, Defendant received more taxable income from

15   those lawsuits than he reported on his Forms 1040 and DAPI's

16   Forms 1120.  Id. at ¶ 14.  Thus, Defendant is alleged to have

17   "willfully [made] and subscribe[d] false [] U.S. Individual

18   Income Tax Return[s], Form 1040" and, as a consequence, paid

19   significantly less in income taxes than he should have in 2012,

20   2013, and 2014.  Id. at ¶ 15.  The total income taxes Defendant

21   paid for those years is also included in the indictment.  Id.

22           The individual counts in the indictment also explain in

23   greater detail how Defendant allegedly made and subscribed false

24   tax returns for tax years 2012, 2013, and 2014.  See Indictment

25   at Count One ¶ 15, Count Two ¶ 2, Count Three ¶ 2 (Defendant

26   "filed [them] with the Internal Revenue Service and [] verified

27   by a written declaration that [they were] made under the

28   penalties of perjury, and which he did not believe to be true

6

1  and correct as to every material matter, in that he knew and

2  received more taxable income than he reported as Other Income on

3  Line 21 and Total Income on Line 22, all in violation of Title

4  26, United States Code, Section 7206(1).").

5      From these allegations, Defendant can glean the following:

6  (1) the Government claims that during tax years 2012, 2013, and

7  2014 Defendant received numerous settlements; (2) Defendant

8  omitted these settlements from his tax returns when they were in

9  fact taxable income as they were not compensation for physical

10 injuries; and (3) Defendant has submitted false income tax

11 returns in violation of 26 U.S.C. § 7206(1).  Defendant has been

12 informed of the tax years at issue.  He knows what settlements

13 he received from his lawsuits during those years.  And he knows

14 what income he reported on his tax returns from 2012 to 2014.

15     Moreover, Defendant is in possession of the most relevant

16 evidence—notably, his settlement income from 2012, 2013, and

17 2014, his case files, and his tax returns from those years.

18 This information is arguably in an organized and easy to search

19 format since these are Defendant's personal records. As the

20 Government contends, Defendant and his attorneys should be able

21 determine the amount of unreported income allegedly at issue in

22 this case from the information that was already in his

23 possession before indictment.  See, e.g., Legatos v. United

24 States, 222 F.2d 678, 882 (9th Cir. 1955) (trial court's refusal

25 of defendant's motion for a bill of particulars was justified

26 because defendant knew, or easily could have learned by making

27 inquiry of his own accountant, the nature of the charges against

28 him and the general character of the evidence the Government

7

1    would use).

2         Thus, reading the indictment as whole, the Court finds the
3    Government has adequately apprised Defendant in the indictment
4    of the charges as it is required to do in order to prevent
5    surprise at trial, to protect against double jeopardy, and to
6    aid Defendant in the preparation of a defense.  See Long, 706
7    F.2d at 1054; see also Mitchell, 744 F.2d at 705.

8              2.   Discovery

9         The amount of discovery produced in this case does not
10   require a different result.  To date, the Government has
11   produced half a million documents in discovery.  Opp'n at 11.
12   Documents produced include, but are not limited to, bank
13   records, case files, tax audits records, and Grand Jury
14   transcripts.  Id.  Half a million documents are no doubt
15   voluminous, but, as the Government correctly points out, this
16   discovery further "obviate[s] the need for a bill of
17   particulars."  Long, 706 F.2d at 1054.

18        The cases cited by Defendant in support of his argument
19   that a bill of particulars is appropriate where the discovery is
20   too voluminous are inapposite.  See Mot. at 7.  Unlike those
21   cases, there is no confusion over which of Defendant's
22   settlement payments were taxable; the Government contends that
23   all of them were.  See Opp'n at 14; compare United States v.
24   Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987) (insurance fraud
25   case where Government introduced evidence of twelve burglaries
26   when only four were alleged to be false, and "[n]umerous
27   documents regarding these twelve burglaries were admitted into
28   evidence, although only three were alleged to be false").

1       Thus, although the discovery is voluminous, a bill of

2   particulars is unnecessary.  As explained above, the indictment

3   provides a legally sufficient description of the alleged tax

4   fraud and adequately informs Defendant of the charges against

5   him.

6

7                    III.   ORDER

8       For the reasons set forth above, the Court DENIES

9   Defendant's Motion for a Bill of Particulars.

10      IT IS SO ORDERED.

11  Dated: May 11, 2020

12

13                                          JOHN A. MENDEZ,

14                                          UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28