PHILLIP A. TALBERT
Acting United States Attorney
KATHERINE T. LYDON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

MATTHEW J. KLUGE
Trial Attorney
U.S. Department of Justice, Tax Division
150 M Street, N.E.
Washington, DC 20002
Telephone: (202) 305-3301
Facsimile: (202) 514-9623

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT NORRIS JOHNSON,<br><br>Defendant. | CASE NO.  2:19-CR-0088 JAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: August 16, 2021<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

This case is set for jury trial to commence on August 16, 2021.  On May 13, 2020, the Chief Judge of this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

---

will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date for the trial to commence. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set to commence jury trial on August 16, 2021. A trial confirmation hearing was set for June 15, 2021.

2. By this stipulation, the defendant now moves to continue the trial date until April 4, 2022, and to exclude time between August 16, 2021, and April 4, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties expect that the government's case-in-chief will be presented in 19 trial days and the defense case, if any, will be presented in 4 days.

4. The parties further request that the Court re-set the trial confirmation hearing for February 8, 2022.

5. The parties agree and stipulate, and request that the Court find the following:

a) Defense counsel continues to review the discovery associated with this case, which includes 447,713 pages of discovery and more than one hundred bankers' boxes of hard copy documents. The government continues to produce discovery as it is generated or becomes available. In addition, defense counsel has undertaken significant independent investigation of the facts underlying the government's claims, including issuing a substantial number of subpoenas pursuant to Rule 17(c) and in one instance enforcing one such subpoena via motion to enforce and to show cause. Other outstanding subpoenas may require similar proceedings to compel full compliance. Defense counsel must also review the subpoena returns with his client.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

   b. Counsel for the defendant desires additional time to conduct investigation and research into the charges, confer with his client, review discovery, seek and potentially enforce additional subpoenas and otherwise prepare for trial.  The ongoing COVID-19 pandemic has also complicated and delayed the process of defense preparation.  Mr. Johnson was hospitalized for approximately 3 weeks with a very serious Covid infection, twice suffering a collapsed lung. Additionally, his inability to easily open doors and manipulate objects creates a problem for which he often requires assistance and thus a potential reduction of social distancing.

   c. Counsel for the defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d. The government does not object to the continuance.

   e. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 16, 2021 to April 4, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

   g. In addition, the parties agree that this case is unusual and complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).  Due to the nature and volume of the evidence and legal issues in play, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.  For that separate and additional reason, the time period of August 16, 2021 to April 4, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii) [Local Code T2].

/ / /

/ / /

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

4

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 19, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ KATHERINE T. LYDON
KATHERINE T. LYDON
Assistant United States Attorney

Dated: April 19, 2021

/s/ MALCOLM SEGAL
MALCOLM SEGAL
Counsel for Defendant
SCOTT NORRIS JOHNSON

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 19th day of April, 2021.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE