PHILLIP A. TALBERT
United States Attorney
KATHERINE T. LYDON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

MATTHEW J. KLUGE
Trial Attorney
U.S. Department of Justice, Tax Division
150 M Street, N.E.
Washington, DC 20002
Telephone: (202) 305-3301
Facsimile: (202) 514-9623

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>    v.<br><br>SCOTT NORRIS JOHNSON,<br><br>             Defendant. | CASE NO.  2:19-CR-0088 JAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: April 4, 2022<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.  By previous order, this matter was set to commence jury trial on April 4, 2022. A trial confirmation hearing was set for February 8, 2022.

2.  By this stipulation, the defendant now moves to continue the trial date until January 9, 2023 9:00 a.m., and to exclude time between April 4, 2022, and January 9, 2023, under 18 U.S.C.

§ 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties expect that the government's case-in-chief will be presented in 19 trial days and the defense case, if any, will be presented in 4 days.

4. The parties further request that the Court re-set the trial confirmation hearing for November 15, 2022.

5. The parties agree and stipulate, and request that the Court find the following:

    a) Defense counsel continues to review the discovery associated with this case, which includes 447,713 pages of discovery and more than one hundred bankers' boxes of hard copy documents. The government continues to produce discovery as it is generated or becomes available. In addition, defense counsel has undertaken significant independent investigation of the facts underlying the government's claims, including issuing a substantial number of subpoenas pursuant to Rule 17(c) and in one instance enforcing one such subpoena via motion to enforce and to show cause. Other outstanding subpoenas may require similar proceedings to compel full compliance. Defense counsel must also review the subpoena returns with his client. Counsel for the defendant desires additional time to conduct investigation and research into the charges, confer with his client, review discovery, seek and potentially enforce additional subpoenas and otherwise prepare for trial. Defense counsel and his client are discussing tax reporting with experts in the fields of both accounting and law.

      b.    In addition, the ongoing COVID-19 pandemic and, most recently, surges in the Delta and Omicron variants, continues to complicate and delay the process of defense preparation. Mr. Johnson was hospitalized with a very serious COVID-19 infection, which caused a collapsed lung and, on a separate occasion, experienced symptoms of COVID-19. Additionally, his inability to easily open doors and manipulate objects creates a problem for which he often requires assistance and thus a potential reduction of social distancing.

      c.    Counsel for the defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d.    The government does not object to the continuance.

      e.    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      f.    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 4, 2022 to January 9, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

      g.    In addition, the parties agree that this case is unusual and complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). Due to the nature and volume of the evidence and legal issues in play, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. For that separate and additional reason, the time period of April 4, 2022 to January 9, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii) [Local Code T2].

6.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

STIPULATION REGARDING EXCLUDABLE TIME  
PERIODS UNDER SPEEDY TRIAL ACT

3

IT IS SO STIPULATED.

Dated: January 25, 2022                          PHILLIP A. TALBERT
                                                 United States Attorney


                                                 /s/ KATHERINE T. LYDON
                                                 KATHERINE T. LYDON
                                                 Assistant United States Attorney


Dated: January 25, 2022                          /s/ MALCOLM SEGAL
                                                 MALCOLM SEGAL
                                                 Counsel for Defendant
                                                 SCOTT NORRIS JOHNSON


**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 25th day of January, 2022.


                                                 /s/ John A. Mendez
                                                 THE HONORABLE JOHN A. MENDEZ
                                                 UNITED STATES DISTRICT COURT JUDGE